**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | 1:20-CV-03739-SCJ |
| Plaintiff, | ) ) | JURY TRIAL DEMAND |
| | ) | |
| v. | ) ) | |
| FLiK, COINSPARK, RYAN S. FELTON, WILLIAM Q. SPARKS, JR., OWEN B. SMITH, and CHANCE B. WHITE, | ) ) ) ) | |
| | ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| HYPERION HOLDINGS, LLC, STEPHANIE L. BROWN, DALE W. FELTON, and JENNIFER FELTON, | ) ) ) ) | |
| | ) | |
| Relief Defendants. | ) | |

**MOTION TO STAY**

Defendants FLiK, COINSPARK, and RYAN S. FELTON ("Ryan Felton")

respectfully move this Court to stay this case pending resolution of the related

criminal case in which Ryan Felton is a defendant.

**I.     Procedural History**

a.     <u>The Instant Case</u>

Plaintiff United States Securities and Exchange Commission ("SEC")

initiated this case on September 10, 2020. Compl., ECF No. 1.  This Court has

entered final judgments against Defendants William Q. Sparks, Jr. (ECF No. 28),

Owen B. Smith (ECF No. 29), and Chance White (ECF No. 30), and the remaining

defendants and relief defendants have executed waivers of the service of

summons (FLiK, ECF No. 23; Coinspark, ECF No. 22; Ryan Felton, ECF No. 26;

Hyperion, ECF No. 24; Stephanie L. Brown ("Brown"), ECF No. 21; Dale W.

Felton ("Dale Felton"), ECF No. 27; and Jennifer Felton, ECF No. 25).

b.     Related Cases

The United States Department of Justice ("DOJ") initiated a civil asset-

forfeiture action against Ryan Felton and Jennifer Felton's residence and one

vehicle on March 20, 2019, based on the same conduct that the SEC alleges as

fraudulent this case, five days after agents of the Federal Bureau of Investigation

("FBI") executed a search warrant at that residence. *See United States v. 75*

*Abington Ct.*, No. 1:19-CV-01263-WMR (N.D. Ga. Mar. 20, 2019), Verified. Compl.

for Forfeiture, ECF No. 1.  Ryan Felton, and Jennifer Felton jointly moved this

Court to stay that case on May 15, 2020, based on Mr. Felton's inability to defend

that case meaningfully and exercise his Fifth Amendment right against self-

incrimination, simultaneously, during the pendency of the criminal investigation,

without opposition from the DOJ. *Id.,* Joint Mot. to Stay, ECF No. 19.  This Court

granted that motion on June 27, 2019, staying that case until "the criminal

matters related to [it] are completed." *Id.*, Order, ECF No. 21.

The DOJ also initiated a criminal action against Ryan Felton on September 9, 2020, based on the same conduct that the SEC alleges as fraudulent in this case, one day before the SEC initiated this case. *See United States of America v. Ryan Felton*, No. 1:20-CR-00347-JPB-JSA-1 (N.D. Ga. Sep. 9, 2020), Indictment, ECF No. 1. This Court notified the parties by email on November 2, 2020, that is it certified for trial.

The purported victims of FLiK, Coinspark, and Ryan Felton's aforementioned, allegedly-fraudulent conduct initiated two civil actions against Ryan Felton and others, based on the same conduct that the SEC alleges as fraudulent in this case, on November 21, 2018 (*see Beranger v. Harris*, No. 1:18-CV-05054-CAP (N.D. Ga. Nov. 21, 2018), Compl., ECF No. 1) and May 10, 2019 (*see Fedance v. Harris*, No. 1:19-CV-02125-CAP (N.D. Ga. May 10, 2019), Class Action Compl., ECF No. 1). This Court dismissed the latter case because the plaintiffs' claims were time-barred (*Fedance*, Order, May 20, 2020, ECF No. 36), which the plaintiffs now appeal (*see Fedance v. Harris*, No. 20-12222 (11th Cir. June 15, 2020), while the former case remains pending.

## II.    Factual Assertions

The SEC's Complaint alleges that FLiK, Coinspark, and Ryan Felton committed various acts of fraud, which are based on the same conduct that the

plaintiffs allege, in various iterations, in the aforementioned civil actions and criminal action.

## III.    Memorandum of Law

The district courts have broad and substantial discretion to stay civil proceedings pending the resolution of a criminal case, inherent in the power to control their dockets. *Landis v. N. Am. Co.*, 299 U.S. 248, 354 (1936). In the interests of justice and when circumstances require, a district court may stay a civil proceeding pending resolution of a criminal case. *United States v. Lot 5, Fox Grove, Alachua Cnty. Fla.*, 23 F.3d 359, 364 (11th Cir. 1994). In its determination of whether such stay is appropriate, a court should "assess and balance the nature and substantiality of the injustices claimed on either side." *Marchelletta v. Internal Revenue Serv.*, No. 1:09-CV-3037-TCB, 2011 WL 13269520, at *1 (N.D. Ga. Mar. 2, 2011).  A court should balance the interests of justice "in light of the particular circumstances and competing interests of the case." *Vallambrosa Plantation, LLC v. Sikorsky*, No. CV415-202, 2015 WL 5604364, at *2 (S.D. Ga. Sept. 21, 2015).

> A court specifically looks to (1) the interest of the plaintiffs in proceeding expeditiously with the civil litigation and the potential prejudice caused by a delay; (2) the burden the civil proceeding may impose on defendants; (3) convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interest of non-parties to the civil case; and (5) the public interest in the pending civil and criminal litigation.

*Id.* (quoting *Keating of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995)) (internal quotations omitted).  Although the well-known *Keating* test has not been adopted explicitly by the United States Court of Appeals for the Eleventh Circuit, its district courts consistently have used some variation of the *Keating* test to determine whether a stay of civil proceedings is warranted.

> This multifactor test, like any other multifactor test, is not intended as an exercise in arithmetic. Instead, its purpose is to make certain that a district court expressly considers those concerns identified as inherently relevant, so it does not mean that each such concern must be accorded the same weight, or that still other concerns may not in the end be significant.

*Sec. Exch. Comm'n v. Rand*, No. 1:09-CV-01780-AJB, 2010 WL 11549601, at *5 (N.D. Ga. Dec. 14, 2010).

      a.     **First *Keating* factor: Relative interests of the parties favors staying civil litigation.**

The SEC's primary requested relief from the remaining defendants in this case is that FLiK, Coinspark, and Ryan Felton disgorge any "ill-gotten" gains; that Ryan Felton not serve as an officer or director in any public company that trades securities; and that Ryan Felton not participate in the trading of digital currency. Compl. 53, ECF No. 1.

FLiK, Coinspark, and Ryan Felton submit that all assets of any substantial value that they have to satisfy any judgment in this case are either in the possession of the FBI or restrained by the DOJ. *See 75 Abington Ct.*, Compl. 3, ECF

No. 1; Notice of Filing Lis Pendens Re: Forfeiture 1, ECF No. 3. Furthermore, Ryan Felton submits that he does not serve as an officer or director in any public company that trades securities, nor does he intend to serve in such capacity in the future, and he does not trade digital currency, nor does he intend to do so in the future. However, Ryan Felton intends to exercise his Fifth Amendment right against self-incrimination during the discovery process in this case to protect his interests in the aforementioned criminal case, which will render this case indefensible to him because of the adverse inferences to the questions to which he will assert that privilege. Therefore, the SEC's interests in proceeding with this case are substantially outweighed by FLiK, Coinspark, and Ryan Felton's interests in staying it pending the resolution of the criminal case.

b. **Second *Keating* factor: Mr. Felton must choose between asserting his Fifth Amendment privilege and defending his civil case.**

This Court's allowing this case to proceed while Ryan Felton's criminal case remains pending presents him with a stark choice: he can either defend himself in the civil action by not exercising his right against self-incrimination and jeopardize his defense in the criminal case, or he can defend himself in the criminal case by exercising that right and jeopardize his defense in this case. "Courts generally recognize that the case for a stay is strongest where [as here] the defendant has already been indicted." *Rand*, 2010 WL 11548601 at *6. "This factor is given more weight if the defendant seeks the stay to avoid choosing

between his Fifth Amendment privilege and defense of the civil case. *Id.*

      c.      **Third *Keating* factor: Pursuing this action while property is in seizure pursuant to a civil seizure and criminal charges is an inefficient use of judicial resources.**

The DOJ has initiated two actions in this Court that restrain all of the substantial assets that FLiK, Coinspark, and Ryan Felton own, one civil (*75 Abington Ct.*) and one criminal (*United States v. Felton*). These assets are the same that the SEC seeks as part of its requested relief in this case. Therefore, this Court's allowing the DOJ and SEC to pursue these actions simultaneously is not an efficient use of judicial resources, considering that although the civil actions are subject to a stay, the criminal action is not. *See* 18 U.S.C. § 3161, *et seq.*

      d.      **Fourth *Keating* factor: Interested non-parties the SEC's case have brought purported private class action.**

Non-parties interested in this action have brought the two aforementioned civil actions against Ryan Felton and others, one of which remains pending in this Court (*Beranger*) and one of which remains pending in the circuit court (*Fedeance*). The interested non-parties currently are advocating for their causes, and such advocacy is not affected by this Court's staying this case.

      e.      **Fifth *Keating* factor: Criminal litigation, civil forfeiture, and private civil action serve the public interest while SEC case is stayed.**

Aside from this case, there are four above-referenced actions, both civil and criminal, against FLiK, Coinspark, Ryan Felton and others in various

combinations, by various private individuals in various combinations, and by two United States government departments, in both the trial and appellate courts. The public interest is well-secured indeed without expending the Court's time on an action duplicative of those already pending.

## IV.    Other Parties' Positions

The SEC takes no position on this motion; however, Relief Defendants Hyperion Holdings, LLC, Stephanie L. Brown, Dale W. Felton, and Jennifer Felton do not oppose this motion.

## V.    Conclusion

FLiK, Coinspark, and Ryan Felton, based on their foregoing factual assertions and argument, pray that this Court stay this case pending the resolution of the criminal case in which Ryan Felton is a defendant.

Date:        November 20, 2020

Respectfully submitted,

*s/ Joshua Sabert Lowther, Esq.*
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
M 912.596.2935
jlowther@lowtherwalker.com

*s/ Katryna Lyn Spearman, Esq.*
Katryna Lyn Spearman, Esq.
Ga. Bar # 616038
M 936.537.3914
kspearman@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
http://www.lowtherwalker.com

Attorneys for FLiK, Coinspark,
Ryan S. Felton, Hyperion Holdings,
LLC, and Jennifer Felton

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | 1:20-CV-03739-SCJ |
| Plaintiff, | ) ) | JURY TRIAL DEMAND |
| v. | ) ) ) | |
| FLIK, COINSPARK, RYAN S. FELTON, WILLIAM Q. SPARKS, JR., OWEN B. SMITH, and CHANCE B. WHITE, | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| HYPERION HOLDINGS, LLC, STEPHANIE L. BROWN, DALE W. FELTON, and JENNIFER FELTON, | ) ) ) ) | |
| Relief Defendants. | ) | |

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to N.D. Ga. L. Civ. R. 7.1(D), that this pleading has been

prepared with Book Antiqua 13-point font, as prescribed by N.D. Ga. L. Civ. R.

5.1(C).

Date:          November 19, 2020.

                                                            Respectfully submitted,

***s/ Joshua Sabert Lowther, Esq.***
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
M 912.596.2935
jlowther@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
http://www.lowtherwalker.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) | 1:20-CV-03739-SCJ |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMAND |
| | ) | |
| v. | ) | |
| | ) | |
| FLIK, COINSPARK, RYAN S. FELTON, WILLIAM Q. SPARKS, JR., OWEN B. SMITH, and CHANCE B. WHITE, | ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HYPERION HOLDINGS, LLC, STEPHANIE L. BROWN, DALE W. FELTON, and JENNIFER FELTON, | ) ) ) | |
| | ) | |
| Relief Defendants. | ) | |

## CERTIFICATE OF SERVICE

I certify that on November 20, 2020, I electronically filed the foregoing

MOTION TO STAY with the Clerk of the United States District Court for the

Northern District of Georgia by way of the CM/ECF system, which

automatically will serve this document on the attorneys of record for the parties

in this case by electronic mail.

Date:           November 19, 2020.

                                    Respectfully submitted,

                                    *s/ Joshua Sabert Lowther, Esq.*
                                    Joshua Sabert Lowther, Esq.
                                    Ga. Bar # 460398
                                    M 912.596.2935
                                    jlowther@lowtherwalker.com

                                    Lowther | Walker LLC
                                    101 Marietta St., NW, Ste. 3325
                                    Atlanta, GA 30303
                                    404.496.4052
                                    http://www.lowtherwalker.com